IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENRIQUE SAUCEDA                          §
                                         §
v.                                       §        C.A. NO. C-07-070
                                         §
DEBBIE HILL, ET AL.                      §

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.[1]

Plaintiff's motion for appointment of counsel is pending.  (D.E. 12).

No constitutional right to appointment of counsel exists in civil rights cases.  Wendell v.

Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994)

(per curiam).  A district court is not required to appoint counsel unless "'exceptional

circumstances'" exist.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas

Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).  Among the factors that the Court

should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of

adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the

case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require

skill in the presentation of evidence.  The court should also consider whether appointed counsel

would aid in the efficient and equitable disposition of the case."  Jackson, 811 F.2d at 262 (citing

Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimanza, 122 F.3d 286,

---

[1] This action was originally docketed as a habeas petition filed pursuant to 28 U.S.C.
§ 2254.  Based upon the initial pleading, however, a telephonic hearing was set to ascertain what
relief plaintiff sought.  At the February 23, 2007 hearing, it was determined that he sought to file
a civil rights action against various defendants.  Accordingly, he was sent a blank copy of the
§ 1983 form to complete.  Plaintiff must file this completed form before any defendants can be
served in his action.

293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in <u>Jackson</u>, the Court finds that appointment of counsel is not warranted.  Regarding the first factor, plaintiff's claims do not present any complexities that are unusual in prisoner actions.  Indeed, Plaintiff has presented this issue capably to the Court and can do so at trial.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Again, plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  The issues and evidence anticipated at trial, if a trial is necessary, are not so complex that plaintiff cannot present them to the Court and a jury.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.  No "exceptional circumstances" exist that warrant the appointment of counsel at this time.

Indeed, plaintiff has yet to file the complaint for his § 1983 action as ordered.  (D.E. 11).  As there is no complaint, an order for service of process has not yet been issued.  In light of these circumstances, his motion for an attorney is premature.  Accordingly, plaintiff's motion for appointment of counsel, (D.E. 12), is DENIED without prejudice.

ORDERED this 8th day of March 2007.


BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE